1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD, | Case No. 1:20-cv-00814-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| E. RAZO, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Yakini DeAndre Byrd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint, filed on June 11, 2020, is currently before the Court for screening.  (ECF No. 1.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

1    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

2    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3    conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

4    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken

5    as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores,

6    Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

7        To survive screening, Plaintiff's claims must be facially plausible, which requires

8    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

9    for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S.

10    Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted

11    unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

12    plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

13    **II.**       **Plaintiff's Allegations**

14        Plaintiff is currently housed at California State Prison, Corcoran in Corcoran, California,

15    where the events in the complaint are alleged to have occurred.  Plaintiff names the following

16    defendants: (1) Sergeant E. Razo; (2) Associate Warden R. Juarez; (3) SHU Property Officer M.

17    Medina; (4) Appeals Coordinator J. Ceballos; and (5) Corcoran State Prison/CDCR State

18    Agencies.

19        Plaintiff asserts a violation of the Fourteenth Amendment of the United States

20    Constitution, along with a violation of the California Constitution.  He alleges as follows:

21

22
     On 3-6-2020 I received an appeal 602 dated 1-3-2020 and was denied for unallowable property.  But per my denial my signature was missued[sic]/fraudulently stating you acknowledged [receipt] of aforementioned notification as evidenced by the bearing of your signature.  This statement was

23
     wrote [sic] by E. Razo and found as true by his overseer R. Juarez.  The [issue] in this case is I sign to have my $86.44 sent back to the company with free shipping

24
     as stated in the [instruction] contract by [illegible].  In addition M. Medina sent me a notice to acquire I put funds on my inmate account or my package would be

25
     disposed [sic] so I appeal the action and defendant above stated I wish my package be donate.  So these are violations of state and civil rights to be free from a crime

26
     against you I also tried to appeal but was rejected and sent unreasonable response due to the crime by the appeal coordinator.

27

28

1   (ECF No. 1 at 3.)  Plaintiff claims that he became very mentally ill and told the mental health staff

2   that he wanted to kill himself because they wrongfully took his package and tried to cover it up.

3   (Id.)  As relief, he seeks compensatory and punitive damages.  He also requests that defendants be

4   charged with embezzlement under the California Penal Code.  (Id. at 6.)

5   **III.   Discussion**

6   　　　Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

7   state a cognizable claim under 42 U.S.C. § 1983.  In an abundance of caution, and because he is

8   proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can

9   do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that

10   appear relevant to his claims.

11   **A.  Federal Rule of Civil Procedure 8**

12   　　　Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

13   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

14   factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

15   supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation

16   omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

17   relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570,

18   127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.;

19   see also Twombly, 550 U.S. at 556–557.

20   　　　Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic

21   matter, the complaint does not clearly state what happened, when it happened or who was

22   involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his

23   claims, and must include factual allegations identifying what happened, when it happened and

24   who was involved. Fed. R. Civ. P. 8.

25   **B.  Corcoran State Prison/CDCR State Agencies**

26   　　　Insofar as Plaintiff seeks monetary damages against Corcoran State Prison or CDCR State

27   Agencies, he may not do so.  "The Eleventh Amendment bars suits for money damages in federal

28   court against a state, its agencies, and state officials acting in their official capacities." Aholelei v.

1   Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment

2   prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief

3   is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by

4   the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th

5   Cir. 1999); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding

6   California Department of Corrections and California Board of Prison Terms entitled to Eleventh

7   Amendment immunity).  Plaintiff's claims seeking monetary damages against Corcoran State

8   Prison and CDCR State Agencies are barred by the Eleventh Amendment.

9   **C.  Linkage Requirement**

10   The Civil Rights Act under which this action was filed provides:

11
12   Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
13

14   42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

15   the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

16   Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The

17   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

18   right, within the meaning of section 1983, if he does an affirmative act, participates in another's

19   affirmative acts or omits to perform an act which he is legally required to do that causes the

20   deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21   Here, Plaintiff fails to link Appeals Coordinator J. Ceballos to the allegations in his

22   complaint.  In any amended complaint, Plaintiff must state what each defendant did or did not do

23   that resulted in a deprivation of his rights.

24   **D.  Fourteenth Amendment - Deprivation of Property**

25   Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d

26   728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under

27   the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984) (citing Logan v.

28   Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th

1    Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee

2    does not constitute a violation of the procedural requirements of the Due Process Clause of the

3    Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

4    Hudson, 468 U.S. at 533.

5        Here, Plaintiff contends that defendants engaged in embezzlement, fraud and misuse of his

6    signature related to the disposition of his property.  In short, Plaintiff asserts that defendants

7    engaged in an unauthorized, intentional deprivation of his property. Due process is therefore

8    satisfied if there is a meaningful post-deprivation remedy available to him. Id. Plaintiff has an

9    adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d

10   813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff fails to

11   allege a cognizable due process claim based on the deprivation of his property (package) against

12   any of the named defendants.

13       **E.  Fourteenth Amendment - Review of 602 Appeal**

14       Insofar as Plaintiff's Fourteenth Amendment claim is based on the processing and

15   resolution of his appeals/grievances, Plaintiff's complaint fails to state a cognizable claim. "The

16   Fourteenth Amendment's Due Process Clause protects persons against deprivations of life,

17   liberty, or property; and those who seek to invoke its procedural protection must establish that

18   one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does

19   not a have protected liberty interest in the processing of his appeals/grievances, and therefore, he

20   cannot pursue a claim for denial of due process with respect to the handling or resolution of his

21   appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d

22   639, 640 (9th Cir. 1988)).

23       **F.  State Law Claims**

24       Plaintiff appears to seek criminal prosecution of defendants under California Penal Code

25   §§ 503, 504, and 504a, which relate to embezzlement and fraudulent disposal of personal

26   property.  However, the penal code is a criminal statute and does not provide for a private right of

27   action against defendants. "With rare, limited exceptions, none of which applies to § 1983

28   actions, federal law does not allow a private citizen to bring a criminal prosecution against

1    another citizen. Criminal actions are initiated by the state, not by private citizens." Lipsey v.

2    Reddy, No. 1:17-cv-00569-LJO-BAM (PC), 2017 WL 4811723, at *4 (E.D. Cal. Oct. 24, 2017),

3    report and recommendation adopted, No. 1:17-cv-00569-LJO- BAM (PC), 2017 WL 5070338

4    (E.D. Cal. Nov. 3, 2017); see also Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (noting that

5    Supreme Court rarely implies a private right of action under a criminal statute.) Therefore,

6    Plaintiff is unable to bring a criminal action under § 1983 against any of the defendants for

7    violation of the California Penal Code, and he fails to state a claim on that basis.  Turnbough v.

8    Hernandez, No. 1:17-cv-01465-BAM (PC), 2018 WL 3637026, at *4 (E.D. Cal. July 30, 2018),

9    report and recommendation adopted, No. 1:17-cv-01465-DAD-BAM, 2018 WL 5023388 (E.D.

10   Cal. Oct. 16, 2018).

11          Insofar as Plaintiff is attempting to bring claims arising under the California Constitution,

12   the Court declines to screen any such claims in the absence of a cognizable federal claim.  Under

13   28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the

14   "district courts shall have supplemental jurisdiction over all other claims that are so related to

15   claims in the action within such original jurisdiction that they form part of the same case or

16   controversy under Article III of the United States Constitution," except as provided in subsections

17   (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ...

18   the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S.

19   715, 726 (1966).  Although the Court may exercise supplemental jurisdiction over state law

20   claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

21          **IV.    Conclusion and Order**

22          For the reasons stated, Plaintiff's complaint fails to comply with Federal Rule of Civil

23   Procedure 8 and fails to state a cognizable claim for relief under section 1983.  As Plaintiff is

24   proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the

25   above-identified deficiencies to the extent he is able to do so in good faith.  Lopez v. Smith, 203

26   F.3d 1122, 1130 (9th Cir. 2000).

27          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

28   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

1   U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

2   be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at

3   555 (citations omitted).

4          Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

5   claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

6   "buckshot" complaints).

7          Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

8   Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

9   complaint must be "complete in itself without reference to the prior or superseded pleading."

10  Local Rule 220.

11         Based on the foregoing, it is HEREBY ORDERED that:

12         1.     The Clerk's Office shall send Plaintiff a complaint form;

13         2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an

14  amended complaint curing the deficiencies identified by the Court in this order or file a notice of

15  voluntary dismissal; and

16         3.     If Plaintiff fails to file an amended complaint in compliance with this order, the

17  Court will recommend dismissal of this action, with prejudice, for failure to obey a court order

18  and for failure to state a claim.

19

20  IT IS SO ORDERED.

21     Dated:   **August 14, 2020**                    /s/ Barbara A. McAuliffe

22                                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

7